UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
GREYSTONE BANK,

                    Plaintiff,

        -against-                                    <u>MEMORANDUM AND ORDER</u>
                                                     10-CV-5225 (JS)(ETB)
DAVID NEUBERG, MALKIE NEUBERG,
NEUBERG CHILDREN'S TRUST, IAN
RUBINSTEIN and TRUDY RUBINSTEIN,

                    Defendants.
------------------------------------X
APPEARANCES:
For Plaintiff:      Barry Felder, Esq.
                    Rachel Esther Kramer, Esq.
                    Foley & Lardner LLP
                    90 Park Avenue
                    New York, NY 10016

For Defendants:

Neuberg
Defendants:         Donald F. Schneider, Esq.
                    Schneider, Goldstein & Bloomfield, LLP
                    90 Broad Street, 6th Floor
                    New York, NY 10004

Rubinstein
Defendants:         Steven Andrew Weg, Esq.
                    Goldberg & Rimberg PLLC
                    115 Broadway, 3rd Floor
                    New York, NY 10006

SEYBERT, District Judge:

        In this diversity action, Plaintiff Graystone Bank

sued Defendants David and Malkie Neuberg (the "Neubergs"), the

Neuberg Children's Trust (the "Trust" and, with the Neubergs,

the "Neuberg Defendants"), and Ian and Trudy Rubinstein (the

"Rubinstein Defendants") alleging constructive and actual fraud

arising out of an alleged scheme to shield assets from Plaintiff. Both the Neuberg Defendants and the Rubinstein Defendants moved to dismiss the Complaint; for the following reasons, these motions are DENIED.

BACKGROUND

In 2008, Plaintiff lent Mr. and Mrs. Neuberg approximately $3.7 million. The loan was secured by a note (the "Note") and a mortgage (the "Mortgage") on a property known as 15 Hoover Street in Inwood, New York (the "Hoover Property"). The Hoover Property was owned by 15 Hoover LLC, a limited-liability company of which the Neubergs are members. (Compl. ¶¶ 7, 13-14.) In applying for the loan, the Neubergs submitted financial statements indicating that they owned two homes: a house in Lawrence, New York (the "Lawrence Property") and a condominium in Miami, Florida (the "Miami Property"). (Compl. ¶ 15.)

In early 2009, the Neubergs asked Plaintiff for permission to transfer 75% of their interest in 15 Hoover LLC--and thus the majority ownership in the Hoover Property, the property securing the Note--to Mr. Rubinstein. To help obtain Plaintiff's approval of the transfer, on April 2, 2009 Mr. Rubinstein gave Plaintiff a financial statement indicating that he owned a home in Woodmere, New York (the "Rubinstein

Property"). (Compl. ¶¶ 17-19). This statement was false--just two weeks before he submitted the statement to Plaintiff, Mr. Rubinstein conveyed the Rubinstein Property to Mrs. Rubinstein, his wife, for no consideration. (Compl. ¶ 20.) In reliance on this false statement, and in exchange for Mr. Rubinstein's guarantee on the loan, Plaintiff approved the transfer of 15 Hoover LLC from the Neubergs to Mr. Rubinstein. (Compl. ¶ 21.)

At the same time Mr. Rubinstein was preparing to sign the guaranty, the Neubergs were preparing to transfer the Lawrence and Miami properties to the Trust (whose beneficiaries are the Neubergs' children) in an attempt to shield their assets from Plaintiff. The Neubergs executed a deed transferring the Lawrence Property on April 1, 2009 and a deed transferring the Miami Property on April 27, 2009. Neither deed was recorded until after Plaintiff approved the loan modification. The Lawrence deed was recorded on May 14, 2009 and the Miami deed was recorded on June 11, 2009. (Compl. ¶¶ 22-25.)

In January 2010, the Neubergs defaulted on the Note and Mortgage. The unpaid principal balance is approximately $3.6 million. Plaintiff commenced a foreclosure proceeding in New York Supreme Court, Nassau County, naming the Neubergs as borrowers and Mr. Rubinstein as guarantor. That action remains pending. (Compl. ¶ 26.)

<u>DISCUSSION</u>

Plaintiff asserts three causes of action: (1) against the Neuberg Defendants, a claim under Section 273 of New York's Debtor and Creditor Law ("Section 273") for constructive fraud; (2) against the Neuberg Defendants, a claim under Section 276 of the Debtor and Creditor Law ("Section 276") for actual fraud; and (3) against the Rubinstein Defendants, a claim under Section 276 for actual fraud. For the following reasons, the Nueberg Defendants' and Rubinstein Defendants' motions to dismiss are denied.

I. <u>Legal Standard on a Motion to Dismiss</u>

To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). The complaint does not need "detailed factual allegations[,]" but it demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555. In addition, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> Determining whether a plaintiff has met his burden is "a context-specific task that requires the reviewing court to draw

4

on its judicial experience and common sense." <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Additionally, under Federal Rule of Civil Procedure 9(b), claims sounding in fraud are subject to a heightened pleading requirement. Under this standard, plaintiffs must "allege facts that give rise to a strong inference of fraudulent intent." <u>Cohen v. Cohen</u>, __ F. Supp. 2d __, 2011 WL 1157283, at *7 (S.D.N.Y. Mar. 29, 2011) (quoting <u>Moore v. PaineWebber, Inc.</u>, 189 F.3d 165, 173 (2d Cir. 1999)).

II. <u>Application</u>

The Court addresses the Neuberg Defendants' and the Rubinstein Defendants' motions in turn.

A. <u>The Neuberg Defendants' Motion</u>

The Neuberg Defendants argue that Plaintiff's Complaint contains insufficient factual allegations to satisfy the pleading requirements of either Rules 8 or 9(b). The Court disagrees.

1. <u>Constructive Fraud under Section 273</u>

Section 273 provides:

Every conveyance made and every obligation

> incurred by a person who is or will be
> thereby rendered insolvent is fraudulent as
> to creditors without regard to his actual
> intent if the conveyance is made or the
> obligation is incurred without a fair
> consideration.

Plaintiffs maintain that the Neubergs transferred the Lawrence Property and the Miami property to the Trust for no consideration, and that that these transfers rendered the Neubergs insolvent. (See Compl. ¶¶ 27-32). In their motion to dismiss, the Neuberg Defendants argue that these allegations should be disregarded as conclusory. See Neuberg Br. at 4.

Before turning to Plaintiff's allegations, the Court notes that Rule 8, not Rule 9, sets the pleading standard for constructive fraudulent transfers. Waite v. Schoenbach, No. 10-CV-3439, 2010 WL 4456955, at *6 (S.D.N.Y. 2010); DLJ Mortg. Capital, Inc. v. Kontogiannis, 594 F. Supp. 2d 308, 330 (E.D.N.Y. 2009); Care Environmental Corp. v. M2 Technologies, Inc., No. 05-CV-1600, 2006 WL 148913, at * 10 (E.D.N.Y. 2006); Eclaire Advisor Ltd. v. Daewoo Eng'g & Constr. Co., Ltd., 375 F. Supp. 2d 257, 268 (S.D.N.Y. 2005). But see Cargo Partner AG v. Albatrans Inc., 207 F. Supp. 2d 86, 115-16 (S.D.N.Y. 2002) (adopting report and recommendation). Accordingly, all that is required of Plaintiff at this stage is "a short and plain statement" of facts giving rise to a plausible claim. See FED.

R. Civ. P. 8(a)(2).

Given the presumptions that arise from intra-family transfers, the Court finds that Plaintiff's constructive fraud allegations are sufficient. Ordinarily, even allegations made "upon information and belief" must be supported by facts upon which a plaintiff's belief is founded, see Waite v. Schoenbach, No. 10-CV-3439, WL 4456955, at *6-7 (S.D.N.Y. Oct. 29, 2010). In this case, though, Plaintiff gets the benefit of two presumptions. First, where a creditor challenges a transfer and information about the consideration paid is exclusively within the knowledge of the parties to the transfer, the parties to the transfer have the burden of establishing that the consideration was fair. Gelbard v. Esses, 96 A.D.2d 573, 576, 465 N.Y.S.2d 264, 268 (2d Dep't 1983). This is true where, as here, there is an intra-family transfer without any signs of tangible consideration. United States v. Alfano, 34 F. Supp. 2d 827 (E.D.N.Y. 1999) ("Courts view intrafamily transfers made without any signs of tangible consideration as presumptively fraudulent."). Second, "insolvency is presumed when a conveyance is made without fair consideration, and the burden of overcoming such presumption is on the transferee." Alfano, 34 F. Supp. 2d at 845 (citing Snyder v. United States, No. 88-CV-2136, 1995 WL 724529, at *10 (E.D.N.Y. 1995)).

7

In this case, Plaintiff alleges an intra-family transfer where the nature of the consideration paid, if any, is outside its knowledge. At the motion to dismiss stage, the Court will presume the consideration to be inadequate and, in turn, the transferors to be insolvent. Plaintiff's constructive fraud allegations thus suffice to state a plausible claim for relief. See In re Norstan Apparel Shops, Inc., 367 B.R. 68, 79 (Bankr. E.D.N.Y. 2007) ("Thus the complaint, when read most favorably to the Committee, contains allegations which give rise to a presumption of insolvency. These allegations are sufficient at the pleading stage.").

The cases cited by the Neuberg Defendants in favor of dismissal, Cargo Partner AG v. Albatrans Inc., 207 F. Supp. 2d 86 (S.D.N.Y. 2002) (adopting report and recommendation), and Waite v. Schoenbach, No. 10-CV-3439, 2010 WL 4456955, at *6 (S.D.N.Y. Oct. 29, 2010), are distinguishable. In Cargo Partner, the court dismissed a constructive fraud claim by applying Rule 9(b)'s heightened pleading standard, which this Court has already ruled inapplicable. 207 F. Supp. 2d at 115-16. More to the point, neither Cargo Partner nor Waite involved intra family-transfers. Cargo Partner, 207 F. Supp. 2d at 92; Waite, 2010 WL 4456955, at *1.

Accordingly, the Neuberg Defendants' motion to dismiss

Plaintiff's constructive fraud claim is denied.

## 2. Actual Fraud under Section 276

Plaintiff's actual fraud claim against the Neuberg Defendants also survives the motion to dismiss. Unlike constructive fraud under Section 273, claims of actual fraud are subject to Rule 9's heightened pleading requirement. See Waite, 2010 WL 4456955, at *5-6. Section 276 provides that:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

According to Plaintiff, the Lawrence and Miami transfers were made with actual intent to cheat Plaintiff out of its ability to collect on the Note. (See Compl. ¶¶ 33-40.) The Neuberg Defendants argue that Plaintiff has not alleged their fraudulent intent with the requisite particularity (see Neuberg Br. at 5) and that there is no allegation that the Trust, as the purported transferee, had any fraudulent intent whatsoever (id. at 7.). Neither argument is persuasive.

### a. The Neubergs' Fraudulent Intent

Plaintiff has adequately alleged the Neubergs' fraudulent intent. Because fraudulent intent can be difficult to prove, plaintiffs may rely on circumstances surrounding a

suspicious transfer that give rise to an inference of intent. These so-called "badges of fraud" include "(1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry." Sullivan v. Kodsi, 373 F. Supp. 2d 302, 306-07 (S.D.N.Y. 2005) (citing In re Kaiser, 722 F.2d 1574, 1582-83 (2d Cir. 1983)).

Plaintiff's allegations touch on several of these badges. Plaintiff alleges a family relationship between the transferors--a husband and wife--and the transferee--a Trust whose beneficiaries are the transferors' children. (Compl. ¶¶ 8, 23.) Plaintiff also alleges a suspicious chronology--the alleged fraudulent transfers coincide with the Neubergs' loan modification application and Mr. Rubinstein's allegedly fraudulent conduct in connection with that application. (Id. ¶¶ 22-24.) Further, Plaintiff alleges that the Neubergs hid the

transfers from Plaintiff by waiting until the loan modification was approved to record the transfers. (Id. ¶ 37.) Taken together, these alleged facts give rise to a strong inference of fraud.

### b. The Trust's Fraudulent Intent

Plaintiff did not allege that the Trust, as opposed to Mr. and Mrs. Neuberg, acted to hinder, delay or defraud Plaintiff, and the Neuberg Defendants argue that Plaintiff's actual fraud claim be dismissed as a result. Plaintiff did not address this argument in its opposition, and there appears to be conflicting authority as to whether a plaintiff alleging Section 276 claims must plead that both the transferor and transferee acted with fraudulent intent. Compare In re Marketxt Holdings Corp., 361 B.R. 369, 396 (Bankr. S.D.N.Y. 2007) (plaintiff must plead fraud of both transferor and transferee) with In re Bruno Machinery Corp., 435 B.R. 819, 853-54 (Bankr. N.D.N.Y. 2010) (transferor's intent is dispositive). The Court thinks the better view is that the transferor's intent is what matters, and consequently it is not persuaded that the actual fraud claim should be dismissed for Plaintiff's failure to allege the Trust's fraudulent intent. See Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc., 234 B.R. 293, 318 (Bankr. S.D.N.Y. 1999); In re Jacobs, 394 B.R. 646, 658-59 (Bankr. E.D.N.Y.

11

2008); <u>In re Sharp Intern. Corp.</u>, 281 B.R. 506, 522 (Bankr. E.D.N.Y. 2002) ("It is the intent of the transferor and not the intent of the transferee that is dispositive under DCL § 276."), <u>aff'd</u>, 302 B.R. 760 (E.D.N.Y. 2003), <u>aff'd</u>, 403 F.3d 43 (2d Cir. 2005); <u>see also</u> <u>HBE Leasing Corp. v. Frank</u>, 61 F.3d 1054, 1059 n.5 (2d Cir. 1995).

B. <u>The Rubinstein's Motion to Dismiss</u>

Plaintiff asserts only a Section 276 actual fraud claim against the Rubinsteins, essentially arguing that Mr. Rubinstein secretly transferred the Rubinstein property to Mrs. Rubinstein and then falsely claimed ownership of that property in the financial statement he submitted to Plaintiff during the loan modification approval process. (<u>See</u> Compl. ¶¶ 41-47.) The Rubinstein Defendants argue that Plaintiff failed to allege that the transfer left Mr. Rubinstein insolvent and that Plaintiff's claim fails as a matter of law because Plaintiff was not a creditor of the Rubinsteins at the time of the transfer. Both arguments are unavailing.

On a plain reading of Section 276, Plaintiff is not required to plead insolvency. In this respect, Section 276 is unlike Section 273, which includes an insolvency component. N.Y. D.C.L. § 273. The Rubinstein Defendants cite a 1956 case for the proposition that a transferor may convey property to a

spouse for no consideration as long as the transfer does not leave the transferor unable to pay his bills. See First Natl. Bank of Batavia v Frank, 1 A.D.2d 539, 151 N.Y.S.2d 596 (4th Dep't 1956), aff'd, 3 N.Y.2d 849, 144 N.E.2d 727, 166 N.Y.S.2d 84 (1957). The Rubinstein Defendants would extend this case to bar Plaintiff from maintaining an actual fraudulent transfer claim unless it can establish Mr. Rubinstein's insolvency. (Rubinstein Br. at 5.) Such a showing is simply not a requirement of Section 276, and Frank is not to the contrary. Rather, Frank stands for the idea that an intra-family transfer made four years before the transferor incurred significant debts cannot support a fraudulent transfer claim, even when the transferred property shows up in a later, false statement of the transferor's assets. In that case, the transferor listed the transferred properties on a loan application four years after the transfer, but the court explained that because the transfers were valid at the time they were made, "they would not be invalidated by [the transferor's] later fraud in representing that he was the owner of the property in question." 1 A.D.2d at 541, 151 N.Y.S.2d at 598. Plaintiff, by contrast, is not alleging a later fraud; it asserts that Mr. Rubinstein's fraudulent transfer was contemporaneous with his false financial statement and the Neubergs' attempt to shield the Lawrence and

13

Miami Properties from Plaintiff.

The Rubinstein Defendants' argument that they cannot be held liable for actual fraud because Plaintiff was not a creditor of theirs at the time of the transfer is also unpersuasive. On its face, Section 276 applies to both present and future creditors. United States v. Cohn, 682 F. Supp. 209, 217 (S.D.N.Y. 1988). In furtherance of an alleged scheme to hide assets from Plaintiff, Mr. Rubinstein conveyed the Rubinstein property to his wife at the same time the Neubergs approached Plaintiff for a loan modification and only two months before he falsely told Plaintiff that he still owned the property. On these facts, Mr. Rubinstein surely knew that Plaintiff was likely to become a creditor of his in the near future. See Arar v. Ashcroft, 585 F.3d 559, 617 (2d Cir. 2009) (noting the court's duty to draw inferences in plaintiff's favor on a motion to dismiss).

In addition to the above-discussed two arguments, the Rubinstein Defendants, for the first time in their reply, argue that Plaintiff's "badges of fraud" are insufficient to plead its actual fraud claim against the Rubinstein Defendants with the requisite particularity. (Rubenstein Reply at 4.) The Court will not consider arguments raised for the first time in a reply brief, see United States v. Hatfield, __ F. Supp. 2d __, 2011 WL

14

2446430, at *20 (E.D.N.Y. Jun. 14, 2011), but in any event this argument is unavailing for many of the same reasons the Court described in its discussion the actual fraud claim against the Neuberg Defendants. Plaintiff alleges an intra-family transfer (between Mr. and Mrs. Rubinstein) that was made under suspicious circumstances (Mr. Rubinstein transferred the property just two months before concealing the transfer on a financial statement designed to convince Plaintiff to allow the Neubergs to transfer their LLC to him).

<u>CONCLUSION</u>

For the foregoing reasons, the motions to dismiss (Docket Entries 6, 15) are DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    August __25__, 2011
          Central Islip, New York